IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES STEWART,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>JAMES SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　　Respondents. | Cause No. CV 18-117-BLG-SPW-TJC<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se prisoner James Stewart's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) In a prior order, Stewart was directed to show cause as to why his ineffective assistance of counsel claim should not be dismissed as procedurally defaulted. (Doc. 11.) Stewart responded. (Doc. 18.) Stewart also has two outstanding motions pending which are addressed below.

For the reasons discussed herein, Stewart's petition should be dismissed. His first claim is procedurally defaulted without excuse, and his second claim does not survive deferential review under 28 U.S.C. § 2254.

1

## I.      Motion to Sue

Stewart has filed a "Motion to Sue," alleging that while he was in custody of Connections Corrections West he was told he could not work on legal matters or have access to a law library.  (Doc. 21 at 1.); see also, (Docs. 23 & 24.)  Stewart claims he was placed in a holding cell for 8 days as a form of retaliation and then moved to the S.T.A.R.T. facility, where he was also denied access to legal materials.  *Id*. at 1-2.  Stewart asserts this treatment was oppressive and caused him anxiety in relation to both of his pending habeas cases[1] and violated his right to due process.  Stewart requests damages for the treatment he received.  *Id*. at 3.

To the extent that Stewart attempts to pursue such a claim, a writ under 28 U.S.C. § 2254 is not the proper vehicle to attempt to secure the relief sought. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A claim challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody."  *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 n. 13

---

[1] Stewart filed a companion habeas matter challenging his Butte Silver Bow conviction which was denied on April 11, 2019.  See, *Stewart v. Fletcher, et. al*., Cause No. CV-18-50-BU-DLC-JCL, Judg. (D. Mont. April 11, 2019).

(2001).  Prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas.

It appears, therefore, to the extent that Stewart seeks to challenge the purported denial of access to legal materials and/or a law library and the conditions under which he was confined, the claims would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. *See, Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition."). Accordingly, Stewart's Motion to Sue (Doc. 21) will be denied.

## II.    Motion to Appoint Counsel

Stewart has also filed a "Motion for Stand in Attorney for Evidentiary Hearing."  (Doc. 26.)  Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases.  Counsel may be appointed at any stage of the proceedings if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Under § 3006A, the Court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the

petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

An evidentiary hearing has not been set in this matter; thus, Stewart is not entitled to appointed counsel under Rule 8(c). Moreover, Stewart's case is not so complex that his right to due process will be violated if counsel is not appointed. The request for counsel will be denied.

### III.   Background

Following a high-speed chase in Yellowstone County on August 3, 2013, Stewart was charged with five offenses. Stewart posted bond and was released. On August 15, 2013, however, Stewart was arrested in Butte Silver Bow County for felony Partner of Family Member Assault (PFMA). Stewart was unable to post bond and remained in custody.

On March 12, 2015, Stewart filed a pretrial motion to dismiss his Yellowstone County case for a purported speedy trial violation. The state district court determined that between Stewart's arrest and his ultimate trial, 626 days had passed. The district court attributed 243 days of the delay to the State and 383 days of delay to Stewart.[2] The district court held Stewart had not been prejudiced

---

[2] The district court's calculations were summarized in the following table:

by the delay and, accordingly, had not been denied his right to a speedy trial.

Following the denial of his motion, Stewart proceed to a jury trial in Yellowstone County on April 21, 2015.  Stewart was convicted of felony Driving Under the Influence and Fleeing/Eluding a Police Officer.  See, (Doc. 1 at 2-3.)[3] Stewart was designated a persistent felony offender (PFO) and sentenced to ten years at the Montana State Prison, with five of the years suspended; the sentence was ordered to run concurrently to his Butte Silver Bow sentence. *Id*. at 3, ¶4.

Stewart filed a direct appeal arguing that his right to a speedy trial was violated.  In addressing Stewart's speedy trial claim, the Montana Supreme Court set out the following chart detailing pertinent events that occurred in the intertwined Yellowstone County and the Butte Silver Bow cases:

| Beginning Event, Date | Ending Event, Date | Length of Delay | Party Responsible for Delay and Reason for Delay |
|---|---|---|---|
| Arrest Aug. 3, 2013 | First trial date Feb. 12, 2014 | 194[3] | State Institutional delay |
| First trial date Feb. 12, 2014 | Second trial date May 5, 2014 | 82 | Defendant Waiver of speedy trial |
| Second trial date May 5, 2014 | Third trial date Sept. 16, 2014 | 134 | Defendant Waiver of speedy trial |
| Third trial date Sept. 16, 2014 | Fourth trial date Mar. 2, 2015 | 167 | Defendant Indicated he would change plea; Filed Status Report requesting that a jury not be assembled; Motion for Substitution of Judge |
| Fourth trial date Mar. 2, 2015 | Fifth trial date Apr. 20, 2015 | 49 | State Institutional delay |

[3] See also, *Stewart v. State*, 2018 MT 179N, ¶¶ 3-5 (Mont. July 17, 2018).

| Date | County | Event/Action |
|---|---|---|
| Aug. 3, 2013 | Yellowstone | Stewart arrested in Yellowstone County |
| Aug. 6, 2013 | Yellowstone | Stewart released on bond |
| Aug. 15, 2013 (9:35 am) | Yellowstone | Stewart arraigned; Plead not guilty; First trial date set for Feb. 12, 2014 |
| Aug. 15, 2013 (8:12 pm) | Silver Bow | Stewart arrested on Silver Bow County warrant for PFMA |
| Aug. 15, 2013-Jan. 8, 2014 | Silver Bow | Detained in Butte-Silver Bow County Detention Center; Charged; Arraigned; Trial set for Jan. 21, 2014; Denial of Motion to be Released on Own Recognizance; Omnibus hearing |
| Jan. 8, 2014 | Silver Bow | Letter from Stewart complaining about his public defender and complementing Yellowstone County on efficiently handling his case there |
| Jan. 23, 2014 | Silver Bow | Stewart enters guilty plea to PFMA (would later move to withdraw this plea) |
| Jan. 23, 2014-Nov. 19, 2015 | Silver Bow | Before sentencing occurred on Nov. 19, 2015, Stewart filed numerous pleadings regarding withdrawal of his guilty plea, habeas corpus, and complaints about counsel |
| Jan. 27, 2014 | Yellowstone | Stewart files Motion to Continue Trial |
| Jan. 31, 2014 | Yellowstone | Stewart files Waiver of Speedy Trial |
| Jan. 31, 2014 | Yellowstone | Order Resetting Trial for May 5, 2014 |
| May 6, 2014 | Yellowstone | Stewart files Motion to Continue Trial |
| May 16, 2014 | Yellowstone | Stewart files Waiver of Speedy Trial |
| May 30, 2014 | Yellowstone | Order Resetting Trial for Sept. 16, 2014 |
| Sept. 3-5, 2014 | Yellowstone | State and Stewart file separate Status Reports requesting a jury not be assembled |
| Nov. 7, 2014 | Yellowstone | State files Motion to Transfer Defendant |
| Nov. 7, 2014 | Yellowstone | Order Granting State's Motion to Transfer Defendant |
| Nov. 13, 2014 | Yellowstone | Order Resetting Trial for Mar. 2, 2015 |
| Jan. 22, 2015 | Yellowstone | Stewart files Motion for Substitution of Judge, granted |
| Mar. 3, 2015 | Yellowstone | Order Resetting Trial for Apr. 20, 2015 |
| Mar. 12, 2015 | Yellowstone | Stewart files Speedy Trial motion |
| Mar. 17, 2015 | Yellowstone | Stewart writes complaining of counsel; Order Setting *Finley* Hearing for Apr. 6, 2015 |
| Mar. 27, 2015 | Yellowstone | Extension of time granted until Apr. 7, 2015 |
| Mar. 30, 2015 | Yellowstone | Order Resetting Hearing for Apr. 13, 2015 |
| Apr. 13, 2015 | Yellowstone | *Finley* Hearing held; Stewart stated he was satisfied with counsel |
| Apr. 17, 2015 | Yellowstone | Order denying Stewart's speedy trial motion |
| Apr. 20-21, 2015 | Yellowstone | Jury trial; Stewart found guilty of two charges |

*State v. Stewart*, 2017 MT 32, 386 Mont. 315, 317, 389 P. 3d 1009.  The Montana

Supreme Court applied the test set forth in *State v. Ariegwe*, which requires a balancing of the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right to a speedy trial; and (4) the prejudice to the accused as a result of the delay. *Id*. at ¶8, citing, *State v. Ariegwe,* 2007 MT 204, ¶20, 338 Mont. 442, 167 P. 3d 815. Under the first *Ariegwe* factor, the Court found the length of the delay that occurred in Stewart's Yellowstone county case was sufficient to trigger a state speedy trial analysis. *Id*. at ¶9.

In analyzing the second factor, the Court noted Stewart did not dispute the district court's assignment to the State of the delay between his arrest and first trial date, or the delay between his fourth trial date and eventual trial. *Id*. at ¶11. Additionally, Stewart conceded that the 82 days that elapsed between his first and second trial dates, and the 134 days between his second and third trial dates were properly assigned to him, because he sought continuances and waived his right to a speedy trial. *Id*. But Stewart argued that the circumstances surrounding his continuances and waivers be considered, and correspondingly less weight be assigned to these dates, because during those periods he "actively sought his transportation to Billings during this time period but was stymied." *Id*. The Court disagreed and determined these time-periods weighed heavily against Stewart. *Id*.

The parties also disagreed about the assignment of the 167-day delay that occurred between Stewart's third and fourth trial settings. During this period, it

appeared the parties were attempting to reach a resolution and intended to schedule a change of plea hearing.  No such agreement was reached, however, and the trial date passed without a resolution.  While the Court felt the State bore some responsibility for not ensuring the matter was brought to trial, the majority of the delay was attributable to Stewart who did not change his plea and then sought "to substitute the judge, fil[ed] complaints against his attorney, and proceed[ed] to trial." *Id*. at ¶13.  Given Stewart's actions, primary responsibility for that delay was attributed to Stewart.

The Court also looked at Stewart's actions in assessing his response to the delay.  Because Stewart twice waived his right to a speedy trial, filed a request that a jury not be assembled, gave assurances of his intent to enter a guilty plea, moved for substitution of the judge, and made complaints against his attorney which then resulted in an unnecessary hearing, analysis of this factor also weighed against Stewart.  *Id*. at ¶ 15.

Under the fourth *Ariegwe* factor, the Court determined that Stewart was not prejudiced by the delay.  Stewart argued the length of his incarceration made it oppressive, and that due to his incarceration in Silver Bow County, he was deprived of a concurrent sentence, which was prejudicial.[4]  The State argued that

---

[4] But Stewart did receive concurrent sentences.  See e.g., (Doc. 1 at 3, ¶4); see also, (Doc. 9 at 16, 32.)

Stewart was released on bond in his Yellowstone County case, and he would not have been incarcerated but for his arrest in Silver Bow County.  Thus, his incarceration resulted from felonies unrelated to his Yellowstone County case and was, accordingly, not oppressive.  The Court ultimately determined Stewart's Silver Bow detention was not considered oppressive for purposes of analyzing his Yellowstone County speedy trial claim.  *Id*. at ¶17.

The Court held Stewart was responsible for much more delay than the State. The Court also determined that balancing the additional *Ariegwe* factors weighed against Stewart.  Therefore, the Court affirmed Stewart's conviction and denial of his speedy trial motion.  *Id*. at ¶ 18.

Stewart then sought postconviction relief, asserting claims of: (1) ineffective assistance of counsel; (2) violation of speedy trial, (3) failure to withdraw guilty plea, (4) misapplication of PFO sentencing statutes, and 5) miscalculation of credit for time served prior to sentencing.  The District Court denied Stewart's claims without a hearing.

Stewart appealed the denial of his petition.  He argued counsel provided ineffective assistance for not objecting to what Stewart asserted was an illegal sentence, and that his sentence was based on a prior constitutionally infirm DUI conviction.  See, *Stewart v. State*, 2018 MT 179N, ¶¶ 4-5.

Because Stewart failed to raise his claim regarding a constitutionally infirm

prior DUI conviction in his postconviction petition, the Montana Supreme Court declined to hear it on appeal. *Id*. at ¶ 6. The Court also determined that Stewart misapprehended the PFO statutes, and that the district court did, in fact, impose a legal sentence. *Id*. at ¶ 8. The Court affirmed the denial of Stewart's postconviction petition.

## II. Claims

In the instant petition, Stewart alleges trial counsel provided ineffective assistance when he failed to effectuate Stewart's timely return from the custody of Butte-Silver Bow to Yellowstone County, following his entry of guilty plea in the Butte-Silver Bow matter. (Doc. 1 at 4, ¶ 13(A)(i)). Stewart asserts this lack of diligence on the part of counsel resulted in his Yellowstone County sentence being unnecessarily prolonged by at least eleven (11) months. *Id*. Stewart also claims his Sixth Amendment right to a speedy trial was violated. *Id*. at 5, ¶ 13(B)(i). Stewart believes the violation resulted primarily from the Yellowstone County Attorney failing to make a good faith effort to timely resolve the underlying case. *Id*.

Stewart asks this Court to review the state court decisions "for correctness of facts and law" and issue an appropriate order. (Doc. 1 at 7, ¶ 16.)

## III. Analysis

The Court is required to screen all actions brought by prisoners who seek

relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

upon which relief may be granted.  28 U.S.C. § 1915A (b)(1), (2).  As explained

below, Stewart's IAC claim is procedurally defaulted without excuse, and his

speedy trial claim does not survive deferential review.  Stewart's petition should be

dismissed.

> **i.     Claim 1-Ineffective Assistance of Counsel**

A state prisoner must exhaust his state court remedies before petitioning for

a writ of habeas corpus in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Federal courts may not grant a writ of habeas corpus brought by an individual in

custody pursuant to a state court judgment unless "the applicant has exhausted the

remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  "The

exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and

(c), reflects a policy of federal-state comity, an accommodation of our federal

system designed to give the State an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270,

275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies

available," § 2254(b)(1)(A), through the state's established procedures for

appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe

"the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion."  *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

While Stewart did present a broad ineffective assistance of counsel claim in his postconviction petition, it was not the precise claim he raises in his federal petition.  Moreover, on appeal Stewart challenged counsel's failure to object to the sentence he received; he did not present a claim alleging counsel performed deficiently by purportedly failing to arrange Stewart's transfer to Yellowstone County.  *See, Stewart*, 2017 MT 32, ¶ 5.  Thus, the Montana Supreme Court has not considered the merits of Stewart's present ineffective assistance of counsel claim under federal law, and Stewart has not properly exhausted the claim.  Because Stewart has no remaining state-court remedies available to him, his claim is now procedurally defaulted. See, *Cooper v. Neven*, 641 F. 3d 322, 327 (9th Cir. 2011).

Stewart was provided an opportunity to show cause as to why this claim

should not be dismissed as procedurally defaulted and was advised of the ways in which he might make such a showing.  See generally, (Doc. 11.)  In his response to the order to show cause, Stewart did not explain why he failed to present this claim to the state courts.  Nor did he argue the claim was not, in fact, procedurally defaulted or that he was actually innocent of the crime of felony DUI.  See e.g., *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518, 536-37 (2006)).  Rather, Stewart rehashed his argument that trial counsel provided ineffective assistance for failing to have Stewart transferred to Yellowstone County in a timely manner, and that this failure resulted in a longer overall sentence.  See generally, (Doc. 18.); see also, (Doc. 20 at 2-4.)  Stewart believes he should be released from custody and reimbursed for his lost time.  *Id*. at 3.

To the extent Stewart seeks to challenge the legality of the state sentence he received, such a claim is not cognizable in federal habeas.  The Montana Supreme Court has determined that the PFO sentence of 10 years with 5 of the years suspended was a valid and legal sentence under state law.  See, *Stewart v. State*, 2018 MT 179N, ¶ 8.  Matters relating solely to the interpretation and/or application of state law generally are not cognizable in federal habeas review.  See e.g., *Lewis v. Jeffers*, 497 U.S. 764, 780 (199)("federal habeas corpus relief does not lie for errors of state law"); *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994)("Absent a showing of fundamental unfairness, a state court's misapplication of its own

13

sentencing laws does not justify federal habeas relief.").

Moreover, in relation to the purported default, performance of trial counsel during Stewart's underlying criminal case was not "some objective factor" which prevented Stewart from presenting his federal habeas claim in the state court.  See, *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008); *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Stewart has provided no legitimate basis under which this Court may excuse the procedural default of his claim.  Accordingly, Stewart's IAC claim should be dismissed with prejudice.

### ii.    Claim 2- Speedy Trial Violation

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal habeas court may not grant relief to a state prisoner whose claim has already been "adjudicated on the merits in State court," 28 U.S.C. § 2254(d), unless the claim's adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by [this] Court," § 2254(d)(1), or was  "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2); see also, *Johnson v. Williams*, 568 U.S. 289, 292 (2013).  AEDPA substantially limits the power of federal courts to grant habeas relief to state prisoners, *Hurles v. Ryan*, 725 F. 3d 768, 777 (9th Cir. 2014), and "demands that state court decisions be given the benefit of the doubt."  *Woodford*

14

*v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).  Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, "AEDPA's highly deferential standards kick in."  *Davis v Ayala*, __ U.S. ___, 135 S. Ct. 2187, 2198 (2015) (citations omitted).

A state court decision is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Nevertheless, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*. at 411.

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial…"  In analyzing whether or not a violation of one's federal speedy trial right has occurred, the court must consider four factors: (1) the length of the pretrial delay; (2) whether the government or the defendant is more to blame for the delay; (3) whether the defendant asserted his right to a speedy trial; and, (4) whether the defendant was prejudiced as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  The Supreme Court has

15

refused to quantify the speedy trial right into a given number of days, but instead established the *Barker* balancing test "in which the conduct of both the prosecution and the defendant are weighed." *Id*. at 529.

As set forth above, in its analysis the Montana Supreme Court determined the balance of these factors weighed against Stewart. Under the first factor, there was sufficient pretrial delay in Stewart's Yellowstone County case to trigger further speedy trial analysis. Under the second factor, the Court found Stewart was more to blame for the delay than the State. Under the third factor, the Court found Stewart filed two waivers of speedy trial, along with other pretrial motions, that defeated any assertion of Stewart's right to a speedy trial and only served to cause additional delay. Under the fourth factor, the Court held Stewart was not incarcerated as a result of his Yellowstone County matter, but rather due to his Butte Silver Bow case. Moreover, Stewart did not argue his right to present an adequate defense was prejudiced as a result of the delay.

Stewart disputes the Montana Supreme Court's finding, and asserts that primary responsibility for the delay did not rest with him, but rather with prosecutor "Bob Spoja's antics in not making a good faith effort to resolve the case through a reasonable resolution." (Doc. 1 at 5, ¶13(B)); see also (Doc. 6 at 1.) But Stewart provides no additional support for this conclusion. Moreover, Stewart undermines this conclusion with his repeated assertions that he did not intend to

16

resolve the matter via a plea resolution, but rather exercised his right to trial

because he had spent a significant of time in pretrial incarceration and wished to

present this fact to a jury.  See e.g. (Doc. 9 at 1); see also, (Doc. 19 at 1); (Doc. 20

at 1.)  Although his argument is difficult to follow, Stewart has not established that

the Montana Supreme Court's attribution of the bulk of the delay to him was an

unreasonable application of clearly established federal law under 28 U.S.C. §

2254(d)(1).

Stewart also seems to argue his bond was revoked on the Yellowstone

matter, and presumably, that he should have been either granted credit for all the

time he spent in custody against his Yellowstone County sentence, or that

somehow this fact warrants consideration in the overall speedy trial analysis.[5]  But

the transcript from in an in-chambers pretrial conference contradicts Stewart's

assertions.  In response to Stewart's attempts to discuss the denial of his speedy

trial motion and ongoing health issues, the district court advised Stewart:

> Which is why the sooner we can get your trial done and your case
> handled in Yellowstone County, the sooner you can return to Silver
> Bow County to address the case that you are actually on bond on.

(Doc. 9 at 19:9-13.)  Stewart's argument relative the revocation of his bond is not

---

[5] See e.g. (Doc. 8 at 2)(Stewart indicates his bond was revoked on 8/15/13; see
also, (Doc. 9 at 1)(Stewart states his bond was revoked on 8/16/13); (Doc. 9 at
13)(bond purportedly revoked on 8/6/13); (Doc. 19 at 2)(bond was revoked on
8/15/13); and, (Doc. 20 at 4)(Stewart states his bond in the Yellowstone County
case was revoked on 8/15/13 at the Bozeman County jail).

persuasive and does not establish that the Montana Supreme Court unreasonably applied *Barker* to Stewart's case.  See, *Williams*, 529 U.S. at 413.

The Montana Supreme Court's determination that Stewart's right to a speedy trial was not violated was reasonable and should be afforded deference.

## IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Stewart's petition should be dismissed because it cannot be said that reasonable jurists would find a basis encourage further proceedings.  Stewart's ineffective assistance of counsel claim is procedurally defaulted without excuse

18

and his speedy trial claim dose not survive deferential review under 28 U.S.C. §2254(d).  Moreover, reasonable jurists would not find reason to debate this Court's finding that Stewart's ineffective assistance of counsel claim is procedurally defaulted.  Accordingly, a certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Stewart's Motion to Sue (Doc. 21) is DENIED.

2. Stewart's Motion for Counsel (Doc. 26) is DENIED.

## RECOMMENDATION

1. Stewart's petition should be DISMISSED with prejudice.

2. The Clerk of Court should be directed to enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be denied.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Stewart may object to this Findings and Recommendation within 14 days.[6] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[6] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise

novo determination by the district judge and/or waive the right to appeal.

    <u>Mr. Stewart must immediately notify the Court of any change in his mailing</u>

<u>address.</u>  Failure to do so may result in dismissal of his case without notice to him.

    DATED this 5th day of September, 2019.


                                    */s/ Timothy J. Cavan*
                                    Timothy J. Cavan
                                    United States Magistrate Judge

---

expire under Rule 6(a)."  Therefore, since Stewart is being served by mail, he is
entitled an additional three (3) days after the period would otherwise expire.