

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

JAMES STEWART,

    Petitioner,

vs.

JAMES SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,

    Respondents.

CV 18-117-BLG-SPW

ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations filed on September 5, 2019. (Doc. 28.) Judge Cavan recommends that this Court dismiss the matter with prejudice. (Doc. 28 at 19.) After the Court extended the objection period, Petitioner James Stewart filed timely objections to Judge Cavan's findings and recommendations (Doc. 33), entitling him to de novo review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court construes Stewart's objections as follows: (1) the Court should reconsider and grant Stewart's motion to appoint counsel (Doc. 26), which Judge Cavan denied; (2) Stewart requires independent counsel because his state public defender, Ed Werner, is related to a federal public defender; (3) Stewart received ineffective assistance of counsel (IAC) because his public defender did not object to

1

his felony DUI sentence exceeding the maximum sentence allowed under the law; and (4) the state court violated Stewart's right to a speedy trial.

I. **Discussion**

The Court overrules Stewart's objections as either meritless or irrelevant to the outcome.

The Court will reconsider a motion to appoint counsel only where "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Stewart has shown neither. The Court will deny his request to reconsider the motion to appoint counsel. Objection (1) is overruled.

Whether Stewart's state public defender is related to a federal public defender is irrelevant to his habeas petition. Objection (2) is overruled.

Judge Cavan recommended dismissing Stewart's IAC claim regarding Stewart's timely return from the custody of Butte-Silver Bow County to Yellowstone County because it is procedurally defaulted. (Doc. 28 at 11–14.) Judge Cavan had already provided Stewart an opportunity to show cause as to why the claim was not procedurally defaulted, and he failed to do so. (Doc. 11.) In Stewart's objections, he again failed to provide any basis in law or fact as to why his claim is not procedurally defaulted. *See* (Doc. 33.) The Court has reviewed the record and concurs with Judge Cavan: Stewart did not raise the IAC claim he raises now to the

Montana Supreme Court, and his claim is procedurally defaulted without excuse. *See* (Doc. 28 at 11–14).

Furthermore, Stewart appears to now assert IAC because his state public defender did not object to his felony DUI sentence exceeding the maximum sentence allowed under the law. Stewart did raise this argument on appeal to the Montana Supreme Court. *See Stewart v. Montana*, 2018 MT 179N, ¶¶ 5, 8 [hereinafter *Stewart II*]. However, this is *not* the IAC claim Stewart has raised in his Petition for Habeas Corpus. (Doc. 1.) Nevertheless, the argument would be frivolous if Stewart amended his petition to allege it. The review of IAC claims in a federal habeas petition is doubly deferential.[1] Under this standard, Stewart's argument that his counsel should have objected to his sentence is without merit, especially where the Montana Supreme Court concluded the sentence the state district court imposed was legal. *Id.* at ¶ 8 ("The sentence imposed by the District Court was legal. Therefore, counsel's failure to object to the valid, legal sentence imposed was not ineffective assistance of counsel."). To the extent Stewart seeks to challenge the legality of his sentence, such a claim is not cognizable in federal habeas proceedings. *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984) requires state courts to give deference to counsel's decisions, and the Antiterrorism and Effective Death Penalty Act of 1996, in turn, requires federal courts to defer to state court decisions on the merits. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.") Objection (3) is overruled.

Lastly, other than conclusory statements that his right to a speedy trial was violated and that he "did not waive his right to a speedy trial," Stewart provides no substance in law or fact for his objection to Judge Cavan's findings and recommendation to dismiss his speedy trial claim. (Doc. 33 at 1–2.) The Court has reviewed the record and agrees with Judge Cavan. First, Stewart's claim that he did not waive his right to a speedy trial is patently false. The Montana Supreme Court documented two waivers for speedy trial Stewart filed, *Montana v. Stewart*, 389 P.3d 1009, 1011, 1013 (Mont. 2017) [hereinafter *Stewart I*], and Stewart has provided no reason for why this was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2); *see* (Doc. 28 at 6). Second, Judge Cavan provided a thorough analysis of Stewart's speedy trial claims, which the Court has reviewed and now adopts. (Doc. 28 at 14–18.) Stewart provides only conclusory statements that the state district court violated his right to a speedy trial. He has not established that the Montana Supreme Court's attribution of the bulk of the trial delay to him was an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1). Moreover, he has not established how the Montana Supreme Court unreasonably applied clearly established federal law to his speedy trial claim in general. *See* (Doc. 28 at 14–18.) Objection (4) is overruled.

The Court agrees with Judge Cavan in full. Therefore, the Court adopts Judge Cavan's findings and recommendations in full.

## II. Leave to Amend and Certificate of Appealability

District courts must grant a habeas petitioner an opportunity to amend the petition to overcome a deficiency "unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment." *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

It clearly appears from the petition that Stewart cannot, by amendment, overcome the procedural default of his IAC claim regarding his transfer from Butte-Silver Bow County to Yellowstone County. Neither could Stewart overcome the deficiencies in his IAC claim for his counsel's failure to object to his sentence, even if he had the opportunity to add this claim to his petition. The Montana Supreme Court affirmed his sentence was legal, *Stewart II*, 2018 MT 179N, ¶ 8, and Stewart cannot otherwise challenge his sentence's legality in federal habeas proceedings. Furthermore, it clearly appears from Stewart's complaint that he could not overcome the deficiencies in his speedy trial claim by amendment. The Montana Supreme Court extensively analyzed the reasons for the delay before Stewart's trial and attributed it primarily to him. *Stewart I*, 389 P.3d at 1012–14. Stewart failed to substantively rebut any of these factual findings or show an unreasonable application of federal law, even after multiple opportunities to do so. *See* (Docs. 1, 18, 33.)

Therefore, it clearly appears the opportunity to amend Stewart's speedy trial claim would be futile. The Court will not grant Stewart leave to amend his habeas petition.

Finally, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A certificate of appealability (COA) should be issued for those claims where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Jurists of reasons would not disagree with the Court's resolution of Stewart's claims or conclude the issues he raises deserve encouragement to proceed. A COA is denied. Accordingly,

**IT IS ORDERED** that the proposed Findings and Recommendations entered by United States Magistrate Judge Cavan (Doc. 28) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED**:

1. Stewart's request to reconsider the denial of his motion to appoint counsel (Doc. 26) is **DENIED**.

2. Stewart's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** with prejudice.

3. A Certificate of Appealability is **DENIED**.

4. The Clerk of Court shall close this matter and enter judgment against the Petitioner.

DATED this 19th day of November, 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge